UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CR-18(01)RM |
| | ) | |
| RALPH A. ROMERO | ) | |

OPINION ON LIMITED REMAND

A jury found Ralph Romero guilty of conspiracy to distribute marijuana, cocaine, and methamphetamine, and various counts of possession with the intent to distribute cocaine, marijuana, and methamphetamine. At sentencing, making its own sentencing findings by a preponderance of the evidence, the court overruled Mr. Romero's objections to determination of the drug quantity, a firearm enhancement, and obstruction of justice based on Mr. Romero's testimony at trial. The court sustained Mr. Romero's objection to a 4-level enhancement for role in the offense. Ultimately, the court found Mr. Romero's adjusted base offense level to be 42, and his criminal history category to be I, producing a sentencing range of 360 months to life imprisonment.

Upon balancing Mr. Romero's relatively clean record and favorable character references against the extraordinary drug quantity (far greater than necessary for his base offense level), the court determined that a sentence slightly above the mid-point of the sentencing range was appropriate. The court determined the mid-point by using Mr. Romero's life expectancy to determine an artificial high end of the range, and selected a sentence of 420 months.

Mr. Romero appealed his sentence. During the pendency of that appeal, the

Supreme Court held in United States v. Booker, 125 S. Ct. 738 (2005), that while the sentencing guidelines would be unconstitutional (for want of jury determination beyond a reasonable doubt on enhancements) if the guidelines were mandatory, the guidelines are not mandatory, so the guidelines are not unconstitutional. In an unpublished order, the court of appeals ordered a limited remand:

> Although the sentence is proper under the Guidelines, the district judge acted without recognizing the additional latitude afforded by the remedial holding of Booker. Accordingly, we remand for the limited purpose of making the finding contemplated by United States v. Paladino, No. 03-2296 (7th Cir. Feb. 25, 2005). After the district court has made that finding, we will conclude this appeal.

United States v. Romero, No. 03-4211, slip op. at 2.

The court invited written sentencing memoranda before hearing oral argument. Much of Mr. Romero's submission consists of arguments that one of the component Booker opinions forbids the court from imposing a sentence based on anything the jury did not find or that Mr. Romero has not admitted. Those arguments ask the court to express its views on topics on which the court of appeals did not seek this court's views. The limited remand asks the court to make the finding contemplated by the Paladino opinion, which is a simple one:

> The only practical way (and it happens also to be the shortest, the easiest, the quickest, and the surest way) to determine whether the kind of plain error argued in these cases has actually occurred is to ask the district judge. We agree, therefore, with the Second Circuit's ruling in United States v. Crosby, 397 F.3d 103, 117 (2d Cir.2005), that what an appellate court should do in Booker cases in which it is difficult for us to determine whether the error was prejudicial is, while retaining jurisdiction of the appeal, order a limited remand to

2

  permit the sentencing judge to determine whether he would (if required to resentence) reimpose his original sentence.

United States v. Paladino, 401 F.3d 471, 483-484 (7th Cir. 2005).

  The answer to the only question the court of appeals directed to this court is that if required to resentence, this court would reimpose the 420-month sentence. Under's today's sentencing law, a sentencing court first computes the guidelines sentence, then decide whether the guidelines sentence is the correct sentence for that defendant, United States v. Dean, 2005 WL 1592960 at *2 (7th Cir. July 7, 2005), so Mr. Romero argues that the remand requires the court to recalculate the propriety of the guidelines calculation. The court cannot agree. Mr. Romero has made his arguments to the court of appeals concerning the propriety of guideline calculation, and the court of appeals has decided that the guideline range was properly calculated. To revisit that argument would broaden the scope of the remaining aspects of the appeal; whether that is to be done is a matter for the court of appeals, not for this court.

  On the other hand, the court cannot agree with the government's argument that court should not go beyond a simple "yes" or "no" in answering whether the court would impose a different sentence upon resentencing. The remand's purpose is to help the court of appeals decide whether plain error — treating the guidelines as binding at the original sentencing — was prejudicial. Particularly if the sentencing court would be disinclined to change the sentence, explanation by the district court might be important to the court of appeals in concluding the case

3

before it.

Under today's law, once the court has determined the recommended guideline range, the court determines the sentence pursuant to 18 U.S.C. § 3553, United States v. Booker, 125 S. Ct. 738 (2005), though the guidelines sentence is, if properly determined, rebuttably presumed reasonable. United States v. Mykytiuk, 2005 WL 1592956 at *1 (7th Cir. July 7, 2005). Accordingly, the court turns to the statutory factors.

*1. Nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1).* Mr. Romero dealt in enormous quantities of three different controlled substances, and did so over a span of more than five years. He did so with a firearm to protect himself from at least one other drug trafficker. The court found at the sentencing hearing that the offense conduct involved the equivalent of at least 110,545.83, and as much as 400,000, kilograms of marijuana — and "only" 30,000 kilograms of marijuana suffices to assign the highest offense level the sentencing guidelines recommend for a controlled substance offense. Quantities of this scale, and the half-decade duration of the criminal conduct would support a sentence of life imprisonment (a sentence above the recommended range is not permissible).

*2. Defendant's history and characteristics, 18 U.S.C. § 3553(a)(1).* Mr. Romero is married and has two teen-aged daughters. He has a history of drug abuse, with frequent marijuana consumption continuing until the day he was taken into custody. His only prior criminal conviction was for driving while intoxicated in 1997. Persons who believed they knew him well spoke very highly of him in letters

4

sent to the court. As already noted, his history involves five years of drug dealing, as well.

*3. Need for the sentence to reflect the offense's seriousness, 18 U.S.C. § 3553(a)(2)(A).* The sentencing guidelines ordinarily are the best indication of the crime's seriousness.

*4. Need for the sentence to promote respect for the law, 18 U.S.C. § 3553(a)(2)(A).* The sentencing guidelines ordinarily are the best indication of the need to promote respect for the law.

*5. Need for the sentence to provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A).* The sentencing guidelines ordinarily are the best indication of the appropriate punishment for the offense.

*6. Need for the sentence to afford adequate deterrence to criminal conduct by others, 18 U.S.C. § 3553(a)(2)(B).* There is considerable money to be made from the distribution of controlled substances, so the law must provide a countervailing deterrence to that conduct. How great a penalty is required for that purpose is a matter on which reasonable minds regularly differ in good faith.

*7. Need for the sentence to protect the public from further crimes by the defendant, 18 U.S.C. § 3553(a)(2)(C).* Mr. Romero poses no risk of direct violence, but he is quite experienced in the drug trade, and so poses a risk that cannot be ignored.

*8. Need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment effectively, 18 U.S.C.*

5

*§ 3553(a)(2)(D).* Correctional treatment of this sort is not an issue in this case. The principle purposes of Mr. Romero's sentence are isolating him and deterring others from similar conduct.

*9. Kinds of sentences available. 18 U.S.C. § 3553(a)(3).* In light of the <u>Booker</u> decision, the court would have the authority to select any reasonable sentence from ten years (the minimum sentence on two counts) to life imprisonment.

*10. Sentencing range established by the sentencing guidelines, 18 U.S.C. § 3553(a)(4)(A).* The guidelines recommend a sentencing range of 360 months to life imprisonment.

*11. Any policy statements issued by the sentencing commission, 18 U.S.C. § 3553(a)(5).* Neither side has cited the court to applicable policy statements.

*12. Need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6).* The sentencing guidelines provide the best hope for avoiding such disparities on a national basis. Mr. Romero notes the considerably lesser sentences given co-conspirators who pleaded guilty and, in many instances, cooperated with the government in prosecuting Mr. Romero. There are cases in which a cooperator's lesser sentence may operate as a constraint on the sentence of one who did not cooperate and went to trial, such as when the cooperator's role in the joint criminal activity was far more serious than that of the other, but this is not such a case. Mr. Romero's comparators nearly all had lesser involvement and culpability, and all provided assistance to the prosecution that Mr. Romero

did not. The court sees no sentencing disparity that would warrant a sentence below the recommended range.

*13. Need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7).* Restitution is not an issue in this case.

Review of the factors specifically set forth in 18 U.S.C. § 3553(a) persuade the court that in light of the need for the sentence to reflect the seriousness of the offense and to provide just punishment and to promote respect for the law, and the range recommended by the guidelines, a sentence within the recommended sentencing range is appropriate. The sentencing memorandum dated December 1, 2003 sets forth the court's reasoning in selecting the sentence within the recommended range.

If required to resentence Mr. Romero, this court would reimpose the 420-month sentence.

ENTERED:   July 20, 2005


/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court


cc:   Court of Appeals
      R. Romero
      J. Stevens
      K. Hays
      USPO