UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-189 RM |
| | ) | (arising out of 3:03-CR-18(01) RM) |
| | ) | |
| | ) | |
| RALPH ROMERO (01) | ) | |

OPINION and ORDER

This cause comes before the court on Ralph Romero's motion to vacate his sentence under the "savings clause" in 28 U.S.C. § 2255(e) attacking the legality of his detention. Mr. Romero seeks to obtain relief because he contends incorrect information was used to calculate and impose his sentence.

Mr. Romero already filed a petition pursuant to § 2255, which this court denied on May 5, 2008. Apparently recognizing that he cannot file a successive petition without first moving "in the appropriate court of appeals for an order authorizing the district court to consider the application," 28 U.S.C. § 2244, Mr. Romero seeks relief under 28 U.S.C. § 2255(e). Section 2255(e), the so-called "savings clause," allows a prisoner to use § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e). A motion under § 2255 is inadequate, for example, when its limit on second or successive petitions "prevent[s] a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003) (citing Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir.2002)).

To avail himself of the savings clause in § 2255, one "must first show that the legal theory he advances relies on a change in the law that ... postdates his first § 2255 motion." Kramer v. Olson, 347 F.3d at 217 (*citing* In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)). Section 2255 is "'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002) (citations omitted).

Mr. Romero doesn't rely on a change in the law to support his motion and there is no showing that § 2255 was an inadequate or ineffective means by which to address his claims. His motion therefore must be denied as a successive § 2255 petition not properly before this court.

Further, "a § 2241 petition, even when sought by way of the savings clause of § 2255, must be filed 'in the district of confinement ..., not the district where the case was tried." United States v. Prevatte, 300 F.3d 792, 799 n. 2 (*quoting* Garza v. Lappin, 253 F.3d 918, 921 (7th Cir.2001)). Mr. Romero hasn't met his burden of establishing that this court has jurisdiction to consider his § 2241 claims. *See* Hart v. FedEx Ground Package Sys., Inc., 457 F.3d 675, 679 (7th Cir. 2006) ("In general, of course, the party invoking federal jurisdiction bears the burden of demonstrating its existence.").

Accordingly, Mr. Romero's motion to vacate sentence [docket # 110] is DENIED.

SO ORDERED.

ENTERED: April 28, 2009

                        /s/ Robert L. Miller, Jr.
                        Chief Judge
                        United States District Court

cc: R. Romero